IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-02595-WYD-MEH

AKEEM ABDULLAH MAKEEN,

    Plaintiff,

v.

COMCAST OF COLORADO X, LLC,

    Defendant.

# ORDER

THIS MATTER is before the Court on Defendants' Motion for Partial Dismissal of Amended Complaint filed January 21, 2010 [ECF No. 20]. This motion was referred to Magistrate Judge Michael E. Hegarty for a recommendation by Order of Reference dated January 21, 2010 [ECF No. 21]. Magistrate Judge Hegarty issued a Recommendation on Defendants' Motion on June 1, 2010 [ECF No. 45], which recommended the Court grant Defendant's Motion. Plaintiff filed his Objections to Magistrate Judge's Recommendations on June 18, 2010 [ECF No. 52]. Defendant submitted a response in opposition to Plaintiff's objections on July 2, 2010 [ECF No. 53]. After a thorough review of the Recommendation in light of Plaintiff's objections and having considered the record, pleadings, and applicable law, I find that Magistrate Judge Hegarty's Recommendation should be affirmed and adopted as set forth below.

## I. LEGAL STANDARD

When reviewing a magistrate judge's report and recommendation, a district judge reviews "*de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). The district court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995). Further, the district judge is given discretion whether to "accept, reject, or modify" the recommended disposition made by the magistrate judge. FED. R. CIV. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

Federal Rule 12(b)(1) requires a court to dismiss a complaint for "lack of jurisdiction over the subject matter." FED. R. CIV. P. 12(b)(1). Jurisdictional issues must be addressed at the beginning of every case and, if jurisdiction is found to be lacking, the case or claim comes to an immediate end. *In re Franklin Sav. Corp.*, 385 F.3d 1279, 1286 (10th Cir. 2004). It is the plaintiff's burden to establish this Court's subject matter jurisdiction over his claims. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

When analyzing a motion to dismiss filed pursuant to FED. R. CIV. P. 12(b)(1), "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.... A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). "In such instances, a court's reference to evidence outside the pleadings does not convert the motion [to dismiss] to a Rule 56 motion [for summary judgment]." *Id.* Documents

appropriate for consideration in determining jurisdiction under FED. R. CIV. P. 12(b)(1) include the underlying EEOC charge. *See e.g. Jones v. Runyon*, 91 F.3d 1398, 1400 (10th Cir. 1996); *Jenkins v. Educ. Credit Mgmt Corp.*, 212 Fed.Appx. 729, 732 (10th Cir. 2007)(not selected for publication).

## II.  LEGAL ANALYSIS

Plaintiff only objects to two findings made by Magistrate Judge Hegarty: (1) that Plaintiff's Questionnaire did not constitute a Charge of Discrimination; and (2) that any deficiencies in Plaintiff's Charge of Discrimination were not attributable to CCRD's negligence.

In support of his first objection, Plaintiff relies on *Fed. Express Corp. v. Holowecki*, 552 U.S. 389 (2008) for the proposition that an intake questionnaire can be considered a "charge" of discrimination. Plaintiff claims that *Holowecki* held that what constitutes a "charge" is meant to be construed liberally. Plaintiff states that a party need only provide the Commission with "a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." *See* Pl.'s Mot., p. 3. Plaintiff misstates the holding in *Holowecki.* Nowhere in *Holowecki* does the Court lower the showing for a "charge" to the level suggested by the Plaintiff. The Defendant and Magistrate Judge Hegarty correctly cited a post-*Holowecki* Tenth Circuit decision (*Semsroth v. City of Wichita*, 304 F. App'x 707 (10th Cir. 2008) that articulated a three-prong test for determining whether a document filed with the EEOC constitutes a "charge". Def.'s Mot, pp 3-4 [ECF No. 53]. Plaintiff has provided no basis for me to disregard this test. My review of his intake questionnaire under this test establishes that Magistrate

Judge Hegarty was correct in ruling that the questionnaire did not constitute a "charge" of discrimination. Further, Plaintiff's objection fails to provide any legitimate basis to find that Magistrate Judge Hegarty's analysis was incorrect. Accordingly, I reject Plaintiff's objection that Magistrate Judge Hegarty mistakenly concluded that Plaintiff's intake questionnaire did not constitute a "charge" of discrimination.

Plaintiff's second objection must also be rejected. I have reviewed the materials Plaintiff provided to the CCRD and find no basis whatsoever to support his *post hoc* elaboration and embellishment of those documents. The information Plaintiff provided to the CCRD failed to describe any facts alleging national origin or religious discrimination, demotion, failure to promote, failure to provide equal training opportunities, unequal pay, or harassment. Plaintiff is merely attempting to recast these materials so they encompass his present legal theories. There is no basis in the law or on the record before me to support such an act. Accordingly, I deny Plaintiff's argument that Magistrate Judge Hegarty somehow erred in concluding that any deficiencies in Plaintiff's Charge of Discrimination were not attributable to CCRD's negligence.

Accordingly, it is

ORDERED that Magistrate Judge Michael E. Hegarty's Recommendation dated June 1, 2010 is **AFFIRMED** and **ADOPTED**. It is

FURTHER ORDERED that Defendant's Motion for Partial Dismissal of Amended Complaint filed January 21, 2010 [ECF No. 20] is **GRANTED.** In accordance therewith, Plaintiff's claims brought pursuant to Section 1981 for religious discrimination and pursuant to the Lily Ledbetter Fair Pay Act are **DISMISSED WITH PREJUDICE** and Plaintiff's Title

VII claims for religious and national origin discrimination and the ADA and Title VII claims for failure to promote, failure to provide equal training opportunities, unequal pay and harassment are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Dated: September 21, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge