IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02595-WYD-MEH

AKEEM ABDUALLAH MAKEEN,

    Plaintiff,

v.

COMCAST OF COLORADO X, LLC,

    Defendant.

# SUPPLEMENTAL PROTECTIVE ORDER

This matter comes before the Court on the parties' Joint Motion for Entry of Supplemental Protective Order. The Court has reviewed that Motion and finds it meritorious and acceptable. Therefore, IT IS ORDERED:

1. **EFFECTIVE DATE**

This Supplemental Protective Order shall become effective on the date entered by the Court and shall not be applied retroactively.

2. **DEFINITIONS**

(a) "Highly Confidential Information" means and includes any information, testimony, document or thing which contains confidential medical information or other "protected health information" within the meaning of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and its implementing regulations; and which was not previously available to the opposing party. Highly Confidential Information may include, without limitation, information and documents produced pursuant to Rule 26, F.R.C.P; testimony adduced at depositions upon oral examination pursuant to Rule 30, F.R.C.P.; written responses to interrogatories pursuant to Rule 33,

F.R.C.P.; documents produced pursuant to Rule 34, F.R.C.P.; answers to requests for admission pursuant to Rule 36, F.R.C.P.; and testimony, documents and things provided pursuant to Rule 45, F.R.C.P.  Highly Confidential Information also may include confidential information owned by or in the possession of a third party, so long as such information otherwise qualifies as Highly Confidential Information hereunder.

(b) "Providing Party" means any party to this action or any third party, expert or consultant who produces or provides any information, testimony, document or thing pursuant to formal or informal discovery in this action.

(c) "Receiving Party" means any party to this action or any third party, expert or consultant who receives any information, testimony, document or thing in the course of formal or informal discovery in this action.

(d) "Counsel" means a party's attorney of record if the party is represented, or a party itself if the party is unrepresented.

3. **DESIGNATION OF HIGHLY CONFIDENTIAL INFORMATION**

(a) Documents and things.  Each Providing Party shall label, mark or otherwise identify in writing, information, documents and things that their counsel considers in good faith to contain Highly Confidential Information or to be otherwise entitled to protection under Rule 26(c), F.R.C.P., or other applicable law, with the legend *"Highly Confidential – Subject to Supplemental Protective Order."*  Before designating any information, documents or things as Highly Confidential Information, a party's counsel must review the information and certify that the designation is based on the counsel's good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).

(b) Depositions. During or after depositions upon oral examination, if counsel for any party believes that a question or answer of any deponent (whether party, third-party, expert or otherwise) constitutes Highly Confidential Information, counsel shall request that the specific pages that include such Highly Confidential Information be included in a separate sealed portion of the transcript. The reporter shall include on the cover page of each sealed portion the legend: "This transcript portion contains information subject to a Supplemental Protective Order and shall be used only in accordance therewith." When testimony designated as Highly Confidential Information is being given during a deposition, all persons except those who are entitled to receive such Highly Confidential Information under the terms of this Order shall be excluded from the deposition room.

(c) Inadvertent failure to designate. Any Providing Party who inadvertently fails to designate any information, testimony, document or thing as Highly Confidential Information may correct such failure by giving written notice of the same to the Receiving Parties. Upon such written notification, the corrected materials shall only be deemed Highly Confidential Information prospectively. Substitute copies of the corrected information, testimony, document or thing, appropriately marked "***Highly Confidential – Subject to Supplemental Protective Order***," shall be given to all Receiving Parties as soon as they become available. Within ten (10) days of receipt of the substitute copies, the Receiving Parties shall return the previously unmarked items to the Providing Party.

4. **DESIGNATED MATERIALS PRESUMED CONFIDENTIAL**

All information, testimony, documents and things designated by a Providing Party as Highly Confidential Information shall be treated in all respects as though they in fact constitute or contain confidential information, unless and until the Court rules otherwise or the Providing Party agrees otherwise.

5. **RESTRICTIONS ON DISCLOSURE AND ACCESS**

(a) Except as provided below, all Receiving Parties with respect to any particular Highly Confidential Information shall take reasonable steps to ensure that no persons obtain such Highly Confidential Information and that no persons have access to such Highly Confidential Information, except:

  (i) Counsel for the Receiving Party, including any in-house attorneys responsible for this action, and all support staff for such counsel;

  (ii) The Court and those employed by the Court, in which event such information shall be filed under seal (and kept under seal until further order of the Court);

  (iii) Court reporters employed by any party in this action; and

  (iv) Independent experts, consultants or translators for the parties, including their support personnel, whose advice and consultation are being used or will be used by such Receiving Party in connection with this action.

(b) A witness at a deposition or trial, who is not otherwise authorized to receive Highly Confidential Information, may be shown any document that contains or reveals Highly Confidential Information if the document was authored by, received by, or known to the witness, or if the Providing Party consents to such disclosure.

(c) Counsel for a party disclosing or allowing access to Highly Confidential Information under this paragraph shall advise the person receiving such Highly Confidential Information (other than the persons identified in Paragraph 4(a)(ii)) of the terms of this Supplemental Protective Order. Before disclosing any Highly Confidential Information to any person identified in Paragraph 4(a)(i), (iii), or (iv), or Paragraph 4(b), counsel for the party disclosing or allowing access to such Highly Confidential Information shall, in addition to advising the person receiving such Highly Confidential

Information of the terms of this Supplemental Protective Order, provide the person with a copy of this Supplemental Protective Order and shall obtain the person's written acknowledgement, in the form attached hereto as **Exhibit A**, to abide by the terms of this Supplemental Protective Order.

(d)     This Supplemental Protective Order shall not be deemed to limit or restrict any Providing Party's disclosure or use of its own Highly Confidential Information.

6.     **RESTRICTIONS ON USE**

Every person who obtains Highly Confidential Information is prohibited from using or disclosing such information for any purpose whatsoever, except as necessary to assist in the conduct of this litigation.

7.     **RETURN OR DESTRUCTION OF HIGHLY CONFIDENTIAL INFORMATION AT CONCLUSION OF LITIGATION**

The parties agree and stipulate that they will either return to the Providing Party or destroy any and all Highly Confidential Information upon the conclusion of this litigation, including any paper or electronic copies of such documents.

8.     **OBJECTIONS PRESERVED**

Nothing in this Supplemental Protective Order shall require the disclosure of information, testimony, documents or things that are otherwise not subject to discovery, are privileged, or constitute attorney work product. Nothing in this Supplemental Protective Order shall prejudice any objections that any party might have regarding the production of any information, testimony, documents or things. Nothing in this Supplemental Protective Order shall be construed as an agreement that any Highly Confidential Information shall be excluded from evidence in this action.

9.     **MECHANISM FOR CHALLENGING DESIGNATION**

Any party may object to the designation of particular Highly Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Highly Confidential Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Supplemental Protective Order. If such a motion is timely filed, the disputed information shall be treated as Highly Confidential Information under the terms of this Supplemental Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Highly Confidential Information and shall not thereafter be treated as Highly Confidential Information in accordance with this Supplemental Protective Order. In connection with a motion filed under this provision, the party designating the information as Highly Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Highly Confidential Information. In addition, any party, and any third party with a legally cognizable interest in this Supplemental Protective Order, may apply to the Court at any time for a modification of this Supplemental Protective Order for good cause shown. Any person may move the Court for additional protective orders with respect to any information, testimony, document or thing, in accordance with Rule 26 of the Federal Rules of Civil Procedure.

10. **PARTIES' CLAIMS AND DEFENSES**

Neither a party's designation of documents or testimony as confidential under this Supplemental Protective Order nor a party's failure to make or object to such designation shall be

admissible in evidence, as a party admission or otherwise, to prove any fact relevant to any claim or defense asserted in this action.

11. **SURVIVAL**

The restrictions on use of Highly Confidential Information set forth in this Supplemental Protective Order shall survive the conclusion of this litigation.

DATED this 30th day of November, 2010, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge