IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02595-WYD-MEH

AKEEM ABDUALLAH MAKEEN,

      Plaintiff,

v.

COMCAST OF COLORADO X, LLC,

      Defendant.

---

## ORDER

---

Before the Court is Plaintiff's Motion to Compel Discovery and Extend Scheduling Order Deadlines [filed December 21, 2010; docket #152].  The motion is referred to this Court for disposition.  (Docket #154.)  The matter is fully briefed, and oral argument would not assist the Court in its adjudication.  For the reasons stated below, the Court **DENIES** Plaintiff's motion.

## I.      Plaintiff's Duty to Confer

Before analyzing Plaintiff's motion, the Court addresses Plaintiff's representations of 7.1A conferral.  Plaintiff states that he conferred with counsel for Defendant in his Third Motion to Compel, Motion for Leave, and First Supplement to Third Motion to Compel.  Defendant describes how Plaintiff "attempted to contact Comcast's counsel with respect to each motion," but counsel for Defendant was out of the office from December 18 through 27, 2010, which was also a fact known to Plaintiff.  Defendant further attests that Plaintiff did not confer with Defendant's counsel regarding the motions at dockets ##159, 163, 164, and 165.  (Docket #182 at 2.)

Plaintiff replies that he did confer by sending counsel for Defendant an email stating that he "will be filing a motion to compel with the court," to which counsel for Defendant responded stating

that he would send an additional copy of the documents requested to Plaintiff.  (*See* docket #184-1.)  This "conferral" is inadequate for at least two reasons.  First, it addresses only the motion to compel.  Second, it is not a conferral at all, but a statement of Plaintiff's intention to file a motion.

"The purpose of Rule 7.1A is to require the parties to confer and to attempt to resolve a dispute before incurring the expense of filing a motion and before requiring the court to address a disputed issue."[1]  *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D. Colo. 2003).  Plaintiff simply informing counsel for Defendant of his intent to file a motion does not constitute an attempt to resolve the underlying dispute.  The Court discussed this with Plaintiff on the record on November 8, 2010.  The Court explicitly told Plaintiff that the parties are required to confer with one another each time a motion is filed, and that means discussing whether the parties agree as to the substance of the motion.  The Court also said, in regards to a representation by Plaintiff of conferral that did not actually take place, "you'd be in a lot of trouble for making a misrepresentation to the Court – that's a very serious thing."  Plaintiff acknowledged this admonition on the record.

Here, the Court is faced with the same situation.  Plaintiff, in his filings, indicates he conferred with Defendant, which is not true.  As the Court previously informed Plaintiff, making misrepresentations to the Court is a very serious matter, which the Court does not take lightly.  The Court recognizes that Plaintiff proceeds *pro se*, however, *pro se* status does not excuse a litigant from the obligation to proceed truthfully in the prosecution of his or her case.  Fed. R. Civ. P. 11(b) provides the Court with authority to impose certain sanctions if a party makes misrepresentations.  This is the Court's final warning to Plaintiff.  Plaintiff must comply with the federal and local rules

---

[1]"Failure to comply with Local Rule 7.1A is, in and of itself, sufficient grounds to warrant denial of a party's motion."  *Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *4 (D. Colo. Sept. 8, 2008) (citations omitted).

in the prosecution of his case.  This means properly conferring with Defendant's counsel with intent to resolve the substance of the dispute before filing any motion as required by D.C. Colo. LCivR 7.1A.  Most importantly, this means that Plaintiff must be completely truthful in making statements and representations to the Court.  If Plaintiff again shirks this duty, the Court will not give Plaintiff another chance, but will impose a sanction commensurate with the violation.

## II.    Plaintiff's Motion to Compel Discovery and Extend Scheduling Order Deadlines

In the motion and supplement, Plaintiff requests: 1) notes from Ms. Trader, a person in Defendant's human resources department; 2) an extension of time to allow Plaintiff to prepare an additional supplementary response to the pending motion for summary judgment; and 3) "the value of a static IP address versus employee services," by Defendant's Rule 30(b)(6) designee Randal Burke.  Plaintiff believes that Defendant has not yet produced notes referred to by Ms. Trader in her deposition.  Plaintiff cites to an email by counsel for Defendant, stating that the notes were produced to Plaintiff's former counsel by hand delivery on November 3, 2010.  (Docket #152 at 3.)  In his supplement, Plaintiff states that counsel for Defendant provided Ms. Trader's notes directly to Plaintiff on December 24, 2010.  (Docket #160 at 2.)  Plaintiff believes that Defendant did not produce all of Ms. Trader's notes.

In response, Defendant represents it produced "all documents in Ms. Trader's files relating to Plaintiff" on November 3, 2010, and again on December 22, 2010.  (Docket #182 at 4.) Defendant asserts that Plaintiff's suggestion that there are more notes not yet disclosed is "pure conjecture."  Defendant provides an affidavit by Ms. Trader in support of its position that all documents related to Plaintiff have been produced.  (*Id.*; *see also* docket #182-3.)  Plaintiff's description of Ms. Trader's deposition testimony in his reply is not inconsistent with Defendant's contention.  (*See* docket #184 at 5-6.)  The Court accepts Defendant's representation and denies

Plaintiff's request.

In his supplement, Plaintiff states that Mr. Burke testified on September 3, 2010, that "he would provide plaintiff with the value of a static IP address versus employee services," but has not done so. (Docket #160 at 2.) Defendant attached the deposition transcript in pertinent part to its response. Mr. Burke did not say that he would provide the information requested, but stated he could not, at that time, quantify "the financial value between what one would pay versus what was provided as part of the employee services as free." (Docket #182-5 at 2.)

Defendant asserts that Plaintiff did not request this information in the form of a interrogatory or request for production, thus it is improper for Plaintiff to seek this information through a motion to compel. In reply, Plaintiff argues that the statement within the first set of requests for production requesting that documents be produced as they become known put the burden on Defendant to produce information as it arises. (Docket #184 at 6.) The Court agrees that Defendant has a continuing duty to supplement its responses to discovery requests, but Defendant is correct in stating that no written discovery request was made for the financial information now sought by Plaintiff.[2] Therefore, the Court denies this part of Plaintiff's motion.

Plaintiff's request for an extension of time is premised on obtaining the information requested in this third motion to compel. As described above, the Court is not ordering production, thus Plaintiff's request for an extension of time is denied as moot.

## III.   Conclusion

Accordingly, the Court **DENIES** Plaintiff's Motion to Compel Discovery and Extend Scheduling Order Deadlines [filed December 21, 2010; docket #152].

---

[2]The Court does not believe that any of the requests for production are relevant to the financial information now sought, nor does Plaintiff identify an applicable request for production. (*See* docket #184-8.)

Dated this 7th day of January, 2011, in Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge