IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02595-WYD-MEH

AKEEM ABDUALLAH MAKEEN,

    Plaintiff,

v.

COMCAST OF COLORADO X, LLC,

    Defendant.

## ORDER

Before the Court is Plaintiff's Motion for Rule 37 Sanctions [filed December 16, 2010; docket #141 (sealed #140)]. The motion is referred to this Court for disposition. (Docket #142.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **DENIES** Plaintiff's motion.

**I.    Background**

Plaintiff sues his former employer, Comcast of Colorado X, LLC. After the District Court ruled on a motion to dismiss filed by Defendant, three claims remain: 1) violations of the Family Medical Leave Act and the American with Disabilities Act; 2) discrimination based on race and color, pursuant to Title VII and Section 1981 of 42 U.S.C.; and 3) intentional infliction of emotional distress. (*See* dockets ##22, 62.) In response to Plaintiff's allegations of unlawful conduct, Defendant asserts Plaintiff's termination resulted from his "having a static IP address assigned to his personal account in violation of [Defendant's] code of conduct." (*See* docket #64 at 8.) Plaintiff contends Defendant's proffered reason for termination is pretextual. (Docket #74 at 10.) Plaintiff represents that the Colorado Division of Employment and the CCRD "found, based on the evidence,

that Plaintiff could not have accessed the areas on Comcast's servers necessary to capture a static IP address." (*Id*. at 11.)

On November 8, 2010, the Court heard argument on Plaintiff's first Motion to Compel, seeking discovery related to Defendant's given reason for terminating Plaintiff's employment. (*See* dockets ##77, 90.) The Court directed counsel for Defendant to investigate whether certain computer logs which register and record instances when a server is accessed exist, and if so, how difficult it would be to produce such logs to Plaintiff. (Docket #90 at 1.) The Court limited this potential discovery to certain dates (November 7, 8, 9, and also 13) and to the affirmative defenses identified on page four of the proposed final pretrial order. (*See* docket #87 at 4; *see also* docket #105 at 1.) Defendant represents that on December 8, 2010, it "informed Plaintiff that such logs do not exist." (Docket #183 at 3.)

In this motion, Plaintiff asks the Court to impose a number of sanctions against Defendant for its alleged destruction of the certain server logs. Plaintiff reiterates his position that "he did not have the ability to access all of the areas on Comcast's network servers necessary to remove or assign a static IP address to his account," and the server logs requested would conclusively demonstrate whether Plaintiff "accessed a server that he was not authorized to access, and removed and assign [sic] a static IP address to his account." (Docket #140 at 1-2.) Plaintiff believes that if he had removed and obtained a static IP address from one of Defendant's servers, at least three servers would have recorded such contact: the VPN concentrator, the Radius server, and the syslog. (*Id*. at 4.) Plaintiff contends that these three servers "would have recorded the username, password and time and date." (*Id*. at 4-5.) Plaintiff relies on deposition testimony of Mr. Jerry Stachowski. (*See id*.)

Plaintiff believes that Defendant violated its duty to preserve evidence, which "was triggered when they received the Colorado Department of Labor and Employment Request for Job Separation Information," dated February 21, 2008. (*Id.* at 7; docket #140-1 at 27.) Plaintiff alleged that he was wrongly discharged based on his use of medical leave in the appeal of the decision on his request for unemployment insurance, dated March 3, 2008. (Docket #140-1 at 33.) He also averred that he "did not violate any company rule or policy" and explained his challenge to Defendant's stated decision for termination. (*Id.*) Plaintiff attests that counsel for Defendant during the appeal hearing related to unemployment insurance "ensured [Plaintiff] that they would preserve all logs from the servers." (Docket #140 at 8.) Plaintiff argues that Defendant's destruction of the three server logs demonstrates a willful violation of its duty to preserve evidence when it was on notice that litigation by Plaintiff was forthcoming.

In response, Defendant claims that "the logs at issue are not relevant to any issue in this case." (Docket #183 at 3.) "Moreover, they rolled over in the normal course of business long before Comcast had notice of this action." (*Id.*) Defendant states that it received information in November 2007 "that Plaintiff was operating a commercial pornography website." (*Id.* at 4.) Defendant explains that the information was turned over to its internal "Legal Response Center" ("LRC") for investigation. Defendant says that the LRC interviewed Plaintiff about the static IP address that was assigned to a modem belonging to Plaintiff, and Plaintiff "stated it was a 'test site' but offered no explanation . . ." (*Id.*) The LRC instructed Plaintiff to return the IP address, and the IP address was returned "shortly after the conclusion of the call" by LRC to Plaintiff. (*Id.*) Defendant attests that the LRC "did not review the subject logs in its investigation," and Defendant's management and Human Resources based the decision to terminate Plaintiff's employment on the results of the LRC investigation. (*Id.*)

3

Defendant contends that the logs are irrelevant because Defendant was not required to make a "wise, fair or correct" decision regarding Plaintiff's employment, but "honestly believed the reasons for its actions and acted in good faith upon those beliefs." (*Id*. at 5.)  As the LRC did not review the logs in its investigation, Defendant's management and Human Resources department in turn did not consider the logs in making the decision to terminate Plaintiff's employment. (*See id*.) Defendant attests it produced all documents and information reviewed by the LRC. (*Id*.)

In any event, Defendant maintains that its duty to preserve was not triggered until the service of this lawsuit on Defendant on November 25, 2009.  (*Id*. at 6.)   Defendant argues that the unemployment insurance hearing should not serve as a point of demarcation for the duty to preserve, as a claim for unemployment benefits is not a prerequisite for filing a discrimination lawsuit. (*Id*. at 7.) Defendant states that it did not destroy any evidence, as the two possible logs (transaction and agent) that could have recorded the information described by Plaintiff "roll over" continuously every three to six hours and three to six months, respectively. (*Id*. at 9.)  Additionally, Defendant explains that the radius server and VPN concentrator logs continuously roll over every 90 days.  (*Id*.) Defendant avers it "did not intentionally destroy the subject logs, or allow their destruction in bad faith or with a dishonest purpose." (*Id*. at 11.)

Plaintiff's reply reiterates the arguments presented in his motion.  Plaintiff emphasizes his position that the evidence sought is necessary to prove that Defendant's reason for terminating Plaintiff's employment was pretextual.  Plaintiff asks the Court to allow a computer forensic expert to look at the servers to determine if they still contain data. (Docket #193 at 12.)

**II.** **Discussion**

"To ensure that the expansive discovery permitted by Rule 26(b)(1) does not become a futile exercise, putative litigants have a duty to preserve documents that may be relevant to pending or

4

imminent litigation." *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 620 (D. Colo. 2007) (citation omitted). "The court has inherent power to impose sanctions for the destruction or loss of evidence." *Id.* (citation omitted). To determine whether sanctions are appropriate, the Court follows a two-part inquiry: 1) evaluate "whether the missing documents or materials would be relevant to an issue at trial," and 2) if so, decide whether the allegedly offending party "was under an obligation to preserve the [discovery] at issue." *Id.* at 621. Any sanction must be commensurate with "the non-moving party's degree of culpability, the degree of any prejudice to the moving party, and the purposes to be served by exercising the court's power to sanction." *Id.* The party seeking sanctions bears the burden of proving by a preponderance of the evidence that the non-moving party failed to preserve evidence or improperly destroyed it. *Ernest v. Lockheed Martin Corp.*, No. 07-cv-02038-WYD-KLM, 2008 WL 2945608, at *1 (D. Colo. July 28, 2008) (citation omitted).

The Court denies Plaintiff's motion for two reasons. First, the Court agrees with Defendant that the relevance of the logs is at best, minimal, because the logs were not part of the investigation leading to the decision to terminate Plaintiff's employment. Second, the Court believes that the date initiating Defendant's duty to preserve evidence in this matter commenced on or about June 5, 2008, the date Defendant received notice of Plaintiff's charge of discrimination.[1] (Docket #183 at 6; docket #183-3.) This date is well after the transaction, Radius, and VPN concentrator logs rolled over in the usual course of business, and after the rolling over of the agent logs as well, which could have taken place as early as February 17, 2008, and as late as May 17, 2008.

---

[1] The Court finds interesting Plaintiff's argument that Defendant had notice of a potential lawsuit at the unemployment insurance appeal hearing, considering the text of Plaintiff's appeal, but the legal and policy-based argument by Defendant is more persuasive, in light of the requirement that the duty to preserve arises from "more than a mere possibility of litigation." (*See* docket #183 at 6 (citation omitted).)

It appears to the Court that Plaintiff's main challenge to the reason for termination offered by Defendant is that the running of a pornographic website was not against company policy. Upon review of the documents submitted by Plaintiff in support of his motion, the Court believes that it was not the pornographic nature of the website that triggered the investigation by the LRC, but that the site was a "pay website," that is, commercial. (*See* docket #183 at 4 (Defendant's argument reflecting the issue with the IP address as "commercial").) This point is somewhat mooted, however, because "[e]vidence that the employer should not have made the termination decision - for example, that the employer was mistaken or used poor business judgment - is not sufficient to show that the employer's explanation is unworthy of credibility." *Swackhammer v. Sprint/United Mgmt. Co.*, 493 F.3d 1160, 1169-70 (10th Cir. 2007).

Similar to *Swackhammer*, Plaintiff's arguments as related to this motion do not call into question whether Defendant "actually relied, honestly and in good faith, upon the appearance of improprieties arising from the evidence gathered" by the LRC. Moreover, as represented by Defendant, the LRC did not rely on information from logs, but apparently relied on its interview with Plaintiff and the subsequent (and rapid) return of the static IP address at issue. Thus, the Court agrees with Defendant that the relevance of the logs is minimal. Furthermore, pursuant to Defendant's statements regarding the timing and continuity of data rolling over within the logs, the data sought by Plaintiff expired before Defendant had proper notice of Plaintiff's impending litigation. The Court finds that Plaintiff fails to meet his burden of proving by a preponderance of the evidence that Defendant failed to preserve evidence or improperly destroyed it.

## III.     Conclusion

Accordingly, the Court **DENIES** Plaintiff's Motion for Rule 37 Sanctions [filed December 16, 2010; docket #141 (sealed #140)].

Dated this 11th day of January, 2011, in Denver, Colorado.

                                                                   BY THE COURT:

                                                                   *Michael E. Hegarty*

                                                                  Michael E. Hegarty
                                                                  United States Magistrate Judge