IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-02595-WYD-MEH

AKEEM ABDULLAH MAKEEN,

     Plaintiff,

v.

COMCAST CABLE COMMUNICATIONS, LLC; COMCAST; and COMCAST OF
COLORADO X, LLC,

     Defendants.

---

**ORDER**

---

THIS MATTER is before the Court on Defendant's Motion for Summary
Judgment [ECF No. 65], filed September 30, 2010; Plaintiff's Motion for Summary
Judgment [ECF No. 176], filed January 3, 2011; and Plaintiff's Second Motion for Leave
to Amend [ECF No. 265], filed March 11, 2011.  These motions were referred to
Magistrate Judge Hegarty for a recommendation.

Magistrate Judge Hegarty issued a Recommendation on May 6, 2011 [ECF No.
285] wherein he recommends that summary judgment be granted in favor of
Defendants; that Plaintiff's motion for leave to amend be denied; and that Plaintiff's
Amended Complaint be dismissed with prejudice.  (Rec. 1).  After a thorough review of
the Recommendation in light of Plaintiff's objections and having considered the record,
pleadings, and applicable law, I find that Magistrate Judge Hegarty's Recommendation
should be affirmed and adopted as set forth below.

## I.      BACKGROUND

On November 4, 2009, Plaintiff Akeem A. Makeen filed his initial complaint against his former employer, Comcast of Colorado X, LLC, alleging that Comcast wrongfully terminated his employment based on his race and his disability.  Mr. Makeen is African-American and he suffers from epilepsy, which he states is a disability.

Plaintiff began working for Comcast full-time in 2004 as a Senior Network Analyst or Senior Network Engineer Tier 4 Tech 4.  As a Comcast employee, Mr. Makeen had access to a dynamic Internet Protocol ("IP") address and could purchase a static IP address, which is permanently assigned to a specific computer, at a higher cost.  In late October 2007 or early November 2007 another Comcast employee reported his belief that Mr. Makeen was running a commercial pornography website.  This information was passed to Comcast's Legal Response Center ("LRC"), which began an investigation. That investigation revealed that a static IP address had been assigned to a modem belonging to Mr. Makeen.  The LRC concluded that Mr. Makeen was not paying the higher rate for this static address.  Shortly thereafter, Comcast terminated Mr. Makeen's employment.  Mr. Makeen's last day of employment was February 4, 2008 and he was paid through February 5, 2008.

## II.     ANALYSIS

### A.      Standard of Review

When reviewing a magistrate judge's report and recommendation, I must review "de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R.Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).  I must "consider

relevant evidence of record and not merely review the magistrate judge's

recommendation." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995).  Further, the district

judge is given discretion whether to "accept, reject, or modify" the recommended

disposition made by the magistrate judge.  Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §

636(b)(1)(C).

Pursuant to Rule 56(C) of the Federal Rules of Civil Procedure, the court may

grant summary judgment where "the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and the ... moving party is entitled to judgment as a matter

of law."  Fed.R.Civ.P. 56(C); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986);

*Equal Employment Opportunity Comm'n. v. Horizon/CMS Healthcare Corp.*, 220 F.3d

1184, 1190 (10th Cir. 2000). "When applying this standard, the court must view the

evidence and draw all reasonable inferences therefrom in the light most favorable to the

party opposing summary judgment." *Atlantic Richfield Co. v. Farm Credit Bank of*

*Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (internal quotation marks omitted).

Where the movant has properly supported a motion for summary judgment, the

opposing party may not rest on the allegations contained in the complaint, but rather

must respond with specific facts showing genuine factual issues for trial.  Fed. R. Civ. P.

56(e).

Because plaintiff is proceeding *pro se*, I have liberally construed his pleadings.

*See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991).  However, I will not "supply additional factual allegations to round

out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v.*

*New Mexico*, 113 F.3D 1170, 1173-74 (10th Cir. 1997) (quotations and citations

omitted). I may not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

**B.    Discriminatory Discharge Claims Under Title VII, § 1981, the ADA, and the FMLA**

Magistrate Judge Hegarty recommends that Comcast's motion for summary

judgment be granted with respect to Mr. Makeen's discriminatory discharge claims

under Title VII, 42 U.S.C. Section 1981, the Americans With Disabilities Act ("ADA"),

and the Family Medical Leave Act ("FMLA"). He found that Comcast has provided a

legitimate, non-discriminatory reason for terminating Mr. Makeen's employment and that

Mr. Makeen failed to show evidence that Comcast's reason is pretextual. In his

objections to the Recommendation [ECF No. 286], Mr. Makeen argues that Magistrate

Judge Hegarty applied the incorrect standard of review in granting summary judgment

and that there are genuine of issues of material fact with respect to his discriminatory

discharge claims. Mr. Makeen further argues that Magistrate Judge Hegarty considered

inadmissible evidence, and did not properly take into account Mr. Makeen's "unclean

hands" argument.

Generally, a plaintiff may prove discrimination by either direct or circumstantial

evidence. *Sanders v. Sw. Bell Tel., L.P.*, 544 F.3d 1101, 1105 (10th Cir. 2008). When

a plaintiff relies on circumstantial evidence to prove discrimination, the court applies the

three-step burden-shifting framework articulated by the Supreme Court in *McDonnell*

*Douglass Corp. V. Green*, 411 U.S. 792 (1973), to determine whether the defendant is

entitled to summary judgment. Under this framework:

> [a] plaintiff bears the initial burden of setting forth a prima facie case of
> discrimination. After the plaintiff makes a prima facie case, the burden

shifts to the employer to give a legitimate, nondiscriminatory reason for its employment decision. If the employer comes forward with a nondiscriminatory reason for its actions, the burden then reverts to the plaintiff to show that there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual-i.e. unworthy of belief.

*Sanders*, 544 F.3d at 1105 (quotations and citations omitted).  This framework applies to Mr. Makeen's claims under Title VII and well as his claims under the ADA and the FMLA.

Mr. Makeen asserts that Comcast terminated his employment because of his race, that Comcast denied him "equal terms and conditions of employment" because of his medical condition in violation of the ADA, and that he was impermissibly terminated because he took leave pursuant to the FMLA.  Defendant Comcast responds that it had a legitimate nondiscriminatory reason for terminating Mr. Makeen's employement: that Mr. Makeen used a static IP address without paying for it in violation of the company's code of conduct.

Reviewing the motion *de novo*, I agree with Magistrate Judge Hegarty and find that Plaintiff has not met his burden of demonstrating that Comcast's reason was pretextual.

Once a plaintiff has made a prima facie case of discrimination and after the employer has come forward with a nondiscriminatory reason for its action, the plaintiff can meet its burden of showing pretext by revealing "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence...." *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997) (quotation

omitted); *see also Townsend v. Lumbermens Mut. Cas. Co.*, 294 F.3d 1232, 1242 (10th Cir. 2002).  Mr. Makeen has not presented evidence that sufficiently calls into question the believability of Comcast's stated reason for Mr. Makeen's termination.  Magistrate Judge Hegarty went through each of Mr. Makeen's primary arguments regarding the allegedly pretextual nature of Comcast's termination decision and his well-reasoned conclusions are incorporated herein by reference.

In his objections to Magistrate Judge Hegarty's Recommendation, Mr. Makeen argues that the timing of the LRC investigation into Mr. Makeen's actions creates a genuine issue of material fact.  In particular, he argues that the investigation into whether he was using a static IP address started in November 2007, but that Comcast did not terminate his employment until February 2008, after he had taken FMLA leave, and after Mr. Makeen complained about his superiors making inappropriate comments regarding FMLA leave.  Although Comcast terminated Mr. Makeen just after he took FMLA leave, this temporal proximity alone is not enough to show pretext on the part of Comcast.  *See Annett v. Univ. of Kan.,* 371 F.3d 1233, 1240 (10th Cir. 2004) ("close temporal proximity is a factor in showing pretext, is not alone sufficient to defeat summary judgment." (citing *Pastran v. K-Mart Corp.*, 210 F.3d 1201, 1206 (10th Cir. 2000)).  Rather, as Magistrate Judge Hegarty correctly noted Mr. Makeen must "present evidence of temporal proximity plus circumstantial evidence of retaliatory motive." *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1172 (10th Cir. 2006).

Here the inquiry is whether Comcast's explanation for its termination of Mr. Makeen is unworthy of credibility.  *Swackhammer v. Sprint/United Mgmt. Co.*, 493 F.3d 1160, 1169-70 (10th Cir. 2007). ("Evidence that the employer should not have made the

6

termination decision—for example, that the employer was mistaken or used poor business judgment—is not sufficient to show that the employer's explanation is unworthy of credibility.")  In determining whether the proffered reason for a decision was pretextual, courts "examine the facts as they appear to the person making the decision." *Zamora*, 478 F.3d at 1166 (quoting *Watts v. City of Norman*, 270 F.3d 1288, 1295 (10th Cir.2001)).  We do not look to the plaintiff's subjective evaluation of the situation. *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir.1998). As such, regardless of whether Mr. Makeen actually directed a static IP address at his house without paying for it, the Court is only concerned with whether Comcast held a good-faith belief that he had done so.  *See Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1178 (10th Cir. 2005) (indicating that the relevant inquiry "concerns the belief of the employer that the employee engaged in misconduct, not whether the actual facts, as shown by evidence extrinsic to the employer's assessment, may have been otherwise.").

        Mr. Makeen argues that Comcast employees knew the LRC report–which concluded Mr. Makeen was using a static IP address without paying for it–was inaccurate.  But as with his other arguments, he does not cite to record evidence sufficient to preclude summary judgment.  Further, as pointed out by Comcast, the employees responsible for the LRC investigation did not know or work with Mr. Makeen and had no knowledge of his race or his medical condition.

        Next, Mr. Makeen's arguments regarding the exact date of his termination–whether it was February 4, 2008, the last day he worked, or February 5, 2008, the last day he was paid–are unavailing.  Mr. Makeen has not shown there is any

incongruity in Comcast's position on the timing of Mr. Makeen's termination that would call into question the legitimacy of Comcast's reason for terminating Mr. Makeen.

Mr. Makeen also contends that Magistrate Judge Hegarty erred by relying on inadmissible evidence, including the affidavits of Ed Nowicki, the LRC report, and certain e-mail exchanges.  I agree with Comcast, however, that this evidence is admissible.

Mr. Makeen further agues that Magistrate Hegarty erred because he failed to consider Mr. Makeen's argument that Comcast has "unclean hands."  In his summary judgment briefing, Mr. Makeen argued that the Court should deny Comcast's motion as a discovery sanction.  This Court has already denied Mr. Makeen's request for discovery sanctions [ECF No. 194], and will not revisit that decision at this juncture.

The evidence presented on summary judgment demonstrates that Comcast did have a good faith belief that Mr. Makeen was using a static IP address to run a commercial pornography site without paying for that address.  Mr. Makeen has not put forth sufficient evidence that undermines the sincerity of Comcast's belief–that is, Mr. Makeen has not demonstrated that Comcast's reason for Mr. Makeen's termination is "unworthy of belief."  *Stover v. Martinez*, 382 F.3d 1064, 1071 (10th Cir.2004).  Accordingly, I agree with Magistrate Judge Hegarty's conclusion that Mr. Makeen's discriminatory discharge claims should be dismissed.

### C.    Section 1981 Racial Discrimination and Harassment

Magistrate Judge Hegarty concluded that Plaintiff had not established any illegal or otherwise improper motive for the termination of his employment.  (Rec. 21).  He further concluded that with respect to each of the adverse employment actions alleged

by Mr. Makeen–including failure to provide training opportunities, discriminatory discipline, unequal pay, and racial harassment–Plaintiff had failed to meet his burden of articulating specific facts supported by the record.

As Magistrate Judge Hegarty correctly stated, in the adjudication of a motion for summary judgment, the moving party may simply point out to the Court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325.  Here, Comcast has done so and Mr. Makeen has failed to meet his burden to show there are issues of material fact to be determined.  I agree with Magistrate Judge Hegarty that Mr. Makeen has either failed entirely to direct the court to specific evidence in support of his claims or has only presented his own conclusory statements in support of his allegations.  I note that Mr. Makeen argues in his objections that he did submit exhibits in his motion for summary judgement.  While that is true, Magistrate Judge Hegarty is correct that the exhibits referenced in Mr. Makeen's motion do not support his allegations.

### D.    Intentional Infliction of Emotional Distress Claim

Mr. Makeen offers no specific objections to the Recommendation regarding his claim for intentional infliction of emotional distress, but states only that his claim relies on his previous claims.  Such a general objection does not put the district court on notice of the basis for the objection and will not preserve the objection for *de novo* review.  *See United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir.1996).  Nevertheless, I have reviewed Magistrate Judge Hegarty's recommendation to grant summary judgment to Comcast as to this claim, I find the recommendation to be correct and well-reasoned.

**E.     Motion to Amend Complaint**

Finally, Mr. Makeen objects to Magistrate Judge Hegarty's recommendation that

his motion to amend the complaint be denied.  Specifically he objects to the

recommendation to deny his request to add a cause of action for defamation, stating

that his claim was timely given that the basis for it only recently became known.

Magistrate Judge Hegarty concluded, however, that adding Mr. Makeen's proposed

claim of "libel, slander and defamation" is not only untimely, but also that the proposed

amendment would not withstand a motion pursuant to 12(b)(6).  (Rec. 29).   I agree with

this conclusion.

## III.     CONCLUSION

For the foregoing reasons it is

ORDERED that the Recommendation of United States Magistrate Judge [ECF

No. 285] is **AFFIRMED AND ADOPTED**.  It is

FURTHER ORDERED that Defendants' Motion for Summary Judgment [ECF No.

65] is **GRANTED.**  It is

FURTHER ORDERED that Plaintiff's Motion for Summary Judgment [ECF No.

176] and [Sealed at ECF No. 175] is **DENIED**.  It is

FURTHER ORDERED that Plaintiff's Second Motion for Leave to Amend [ECF

No. 265] is **DENIED**.  It is

FURTHER ORDERED that Plaintiff's Amended Complaint is **DISMISSED WITH**

**PREJUDICE.**

Dated:  August 2, 2011

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge